BESSIE LEVINE *vs.* SOLOMON LEVINE.

NOVEMBER 18, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Writs.   Ne Exeat.*

Under a writ of *ne exeat,* commanding the sheriff to cause the respondent to give bail or security, the sheriff was authorized to take a cash deposit in the amount named in the writ.

*(2)   Divorce.   Allowance.   Registry of Court.   Sheriffs.   Appeal.*

Where a respondent who had given security to the sheriff in the sum of five hundred dollars under a writ of *ne exeat,* was ordered in separation proceedings to pay an allowance to the petitioner and a further sum for counsel fees, and execution was issued against him and returned unsatisfied, and an order was entered directing the sheriff to pay into the registry of the court the amount of the security held by him less an allowance for his counsel fees and permitting the petitioner to withdraw the amount due her for support, etc., and the sheriff appealed;

*Held,* that while it was competent for the Superior Court to order the payment of the money into its registry, an appeal was statutory and there was no provision of statute for an appeal in such a case and the appeal would be dismissed.

*Held,* further, that a sheriff as an officer of the court was subject to its orders and had his remedy in a proper proceeding to test the validity of an order made upon him.

DIVORCE. Heard on appeal of the sheriff of Providence county from an order of the Superior Court. Appeal dismissed.

VINCENT, J. The petitioner, Bessie Levine, on May 26, 1921, filed her petition in the Superior Court for Providence county for a separation from the bed and board of her husband, Solomon Levine,.and also a petition for an allowance for the support of herself and minor child and for counsel and witness fees.

On the same day the said petitioner also filed a petition for a writ of *Ne Exeat* representing that the respondent was about to leave the State in order to evade any order or orders which the court might enter upon her petition for separation or for an allowance for her support, counsel and witness fees, and praying that said respondent should be restrained from so doing.

On the same day a writ of *Ne Exeat* was issued directed to the sheriffs of our several counties or their deputies commanding them to cause the respondent to give bail or security in the sum of $500 that he will not go or attempt to go into parts beyond this State without leave of court and that in default of such bail or security to commit the respondent to jail.

On the following day, May 27, 1921, service of this writ was made by a deputy sheriff who arrested the body of the respondent and accepted from him the sum of $500 in cash as surety. On the 4th day of June, 1921, a decree was entered in the Superior Court ordering the respondent to pay to the petitioner for the support of herself and minor child the sum of $15 per week beginning June 4, 1921, and $10 for witness fees and $50 for counsel fees to be paid by September 1, 1921.

The respondent having failed to comply with the terms of this decree, an execution was issued in the sum of $300 on

September 27, 1921, and placed in the hands of a deputy sheriff commanding him to levy the same upon the goods and chattels of the respondent and for want of such goods and chattels to arrest the body of said respondent and commit him to jail.

On October 8, 1921, this execution was returned wholly unsatisfied, the officer being unable to find the respondent or any goods and chattels upon which such execution could be levied.

On October 8, 1921, the petitioner filed a petition praying for the entry of an order directing the sheriff to apply from the cash in his hands, offered and paid to him by the said respondent, so much thereof as might be needed to satisfy the arrearages for support, counsel and witness fees.

On October 20, 1921, after a hearing upon this last-named petition, a decree was entered thereon in the Superior Court (1) allowing the sheriff the sum of $75 for the fee of counsel appearing in his behalf, (2) ordering the sheriff to pay into the registry of the court the balance amounting to $425 and (3) permitting the petitioner to withdraw from the registry of the court the amount due her for support, counsel and witness fees.

From this decree the sheriff, Jonathan Andrews, has taken an appeal to this court and says, "that said order and decree are against the law."

A sheriff is an officer of the court and subject to its orders and directions. If he desires to test the validity of any order made upon him by the Superior Court, there are well-known proceedings or remedies which he may invoke or pursue.

We think it is competent for the Superior Court to order the payment of the money in question into its registry. An appeal is a creature of statute and is only available to those to whom the privilege of appeal is thereby extended.

There is no provision of our statute for an appeal in a case like the one now before us and we therefore think that it must be dismissed. In reaching this conclusion we have

·not considered the legality or propriety of taking what is popularly called "cash bail" in other cases where bail is required.

Under the command in the writ of *Ne Exeat* the officer could, in his discretion, take either bail or security. He saw fit to take a cash deposit in the amount named in the writ and we cannot see how any better security could have been obtained.

The appeal is dismissed and the case is remitted to the Superior Court for further proceedings.

*Charles Z. Alexander*, for petitioner.
*Philip V. Marcus*, for respondent.
*Charles A. Walsh*, for the Sheriff.