### INGRAM v. CHAPPELL et al.

No. 18328. Opinion Filed Oct. 11, 1927.

(Syllabus.)

1. **Counties—Compensation of Tax Ferrets — Necessary Procedure—Claim to be Filed and Passed on by County Commissioners.**

When the board of county commissioners, acting under section 9798, C. O. S. 1921. employs a tax ferret, before he can receive his compensation for his services it is his duty to itemize. verify, and file his claim for services with the county commissioners. It is the duty of the county commissioners to audit the claim and. if found proper and just. to allow it and to issue their order authorizing the county treasurer to pay it.

2. **Same—Contractual Percentage of Taxes Collected by Ferret to be Set Aside as Special Fund by Treasurer.**

When the taxes collected by the tax ferret are paid into the hands of the county treasurer, it shall be his duty to set aside the funds claimed by the tax ferret under his contract with the county commissioners, and hold the same until he is authorized to make payment by the county commissioners.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Injunction by Will H. Chappell against Sam Ingram, tax ferret, and others. Judgment for plaintiff, and defendant Ingram brings error. Affirmed.

V. P. Crow, Asst. Atty. Gen., A. L. Jeffrey. L. A. Justus, Jr., and Preston A. Shinn, for plaintiff in error.

H. P. White, H. C. Hargis, J. D. Mitchell, and J. C. Cornett, for defendants in error.

HEFNER, J. Will H. Chappell, plaintiff below and hereinafter called plaintiff, as a taxpaying citizen of Osage county, filed suit against Harry Buzen, county treasurer, and A. B. Ludwick, county clerk, as defendants. Later Sam Ingram, tax ferret, was permitted to intervene in the suit and was made a defendant. The defendants below will be hereinafter referred to as defendants.

The suit was brought to enjoin the county treasurer and the county clerk of Osage county from paying certain moneys and commissions to Sam Ingram, the plaintiff in error herein, who was and is acting as a tax ferret for said county under contract with the board of county commissioners thereof, until the claims of Sam Ingram for said moneys and commissions had been audited and allowed by the board of county commissioners. The court issued a temporary restraining order against the two county officials and enjoined them from paying to the tax ferret any fee or compensation until his claim therefor had been duly admitted and allowed by the board of county commissioners, and enjoined Sam Ingram, the tax ferret, from collecting any compensation under a contract with the board of county commissioners as tax ferret until he had filed a verified, itemized claim with the county commissioners and until the county commissioners had audited and allowed the same. After motion for new trial had been overruled by the court. the defendant Ingram appealed to this court.

It is urged that this suit cannot be maintained by the plaintiff. It has been repeatedly held by this court that a resident taxpayer. although he shows no special private interest, may invoke the interposition of a court of equity to prevent an illegal disposition of the money of the municipality or the illegal creation of a debt which he in common with other property owners may otherwise be compelled to pay. It therefore follows that the plaintiff can maintain this suit. See Kellogg v. School Dist. No. 10, 13 Okla. 285. 74 Pac. 110.

The defendant Ingram urges that the board of county commissioners has no authority to allow his claim for services rendered; that he should file his claim with the county clerk, and if allowed by the county clerk, the clerk should issue a "cash voucher" to the county treasurer. He further urges that, since there is no tax ferret fund, that the board of county commissioners could not direct the issuance of a warrant in payment of his claim.

The plaintiff urges that the claim of the tax ferret for services should be filed with, audited, and allowed by the board of county commissioners and that a warrant issue therefor.

The authority of the county commissioners to employ a tax ferret is found in section 9798, C. O. S. 1921, which is as follows:

"The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed, as required by existing laws, and fix compensation at not to exceed 15 per cent. of the taxes recovered under this article. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court from the final action of the treasurer within ten days. by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

This act does not expressly provide how the tax ferret is to be paid. It is silent as to whether or not he shall file his claim for services with the county commissioners and have it allowed by them and a warrant issued in payment therefor. It authorizes the county commissioners to enter into a contract with him and fixes the compensation at an amount not to exceed 15 per cent. of the taxes collected.

The plaintiff in error urges that he should be paid in accordance with section 5940. C. O. S. 1921, which is as follows:

"All claims for money. subject to refund or disbursement as in this act provided, shall be filed with the county clerk, who is hereby authorized to audit the same. and to issue his voucher for such amounts thereof as he may find to be due the respective claimants."

The commissioners are charged with the responsibility of allowing all claims against the county and expending large sums of money belonging to the taxpayers. Section 5842, C. O. S. 1921, reads in part as follows:

"It shall be the duty of the board of county commissioners to cause to be published in a newspaper printed in the county, a full and complete report of all their official proceedings at each regular and special meeting. * * *"

This act gives the taxpayers in the various counties an opportunity to read the official proceedings of the board, and then to protest against the squandering of public funds and the allowances of unjust claims and to appeal from its action in so doing. The taxpayers are entitled to know how and for what purposes their taxes are disbursed. With this in mind, the Legislature wisely provided in section 8595, C. O. S. 1921, for the filing of all claims against any county

at least five days before the board meeting, which claim shall show in detail the amount due on each item and such other facts as are necessary to show the legality of such claims. The section is as follows:

"All claims for money due from any county, township, city or incorporated town shall be itemized in detail, verified and filed for allowance with the proper authority not less than five days before the meeting of such body for such purposes. Such verified claims shall show in detail the amount due on each item, the date thereof, the purpose for which each item was expended, and such other facts as are necessary to show the legality of such claim and each item thereof."

This section provides that the claim shall be filed with the "proper" authority. Who is the proper authority in the case at bar? The tax ferret was employed by the county commissioners under a written contract to do work for the county. In the employment the county commissioners contracted to pay him a certain per cent. of the taxes. It seems clear to us that under section 8595, supra, the board of county commissioners is the "proper" authority with whom the tax ferret must file his claim for allowance, and that it is their duty to pass upon the same.

Section 5834, C. O. S. 1921, provides for an appeal from the county commissioners to the district court. Accordingly, any one aggrieved at the decision of the county commissioners in allowing or rejecting the claim of the tax ferret may appeal the same to the district court and have the same there adjudicated.

The tax ferret act authorizes the county commissioners not only to employ a tax ferret but to compensate him not to exceed 15 per cent. of the taxes collected. It is true that the act itself does not expressly provide the manner in which the tax ferret shall be paid.

Under the tax ferret act, when the taxes are paid into the hands of the county treasurer it is his duty to set aside, in a special fund, the amount claimed by the tax ferret under his contract with the county commissioners and to hold the same until he is authorized to pay the same out by the county commissioners. Since the Legislature has created a special fund out of which the tax ferret shall receive his compensation, the treasurer is authorized to pay the same to the tax ferret on proper order of the county commissioners without the issuance of what is technically known in our law as a warrant.

The judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK and RILEY, JJ., concur.

Note.—See 37 Cyc. p.1199.