## CONNER, Sheriff, et al. v. DRUMMOND et al.

No. 25879.    May 7, 1935.

Rehearing Denied June 18, 1935.

Application for Leave to File Second Petition for Rehearing Denied July 16, 1935.

Joseph D. Mitchell and H. P. White, for plaintiffs in error.

Hamilton & Howard, for defendants in error.

PER CURIAM. This action was commenced in the district court of Osage county by the filing of a petition seeking a partition of real estate and ordering a sale.

Certain lands were sold in partition, and thereafter, on February 3, 1934, nearly four years after the approval of the sale, defendants in error A. A. Drummond and R. G. Walker filed a motion in the district court of Osage county in the original partition suit No. 5392, and afterwards, on February

4, 1934, filed an amended motion stating they had purchased three tracts of land for the total sum of $4,440, and had paid 10 per cent of their bid amounting to $444, stating that the sheriff has in his possession the said sum of $444, and moved the court to vacate the confirmation of sale and direct the sheriff, R. B. Conner, to pay said money to them. On February 13, 1934, the defendant in error Fred G. Drummond filed a similar motion, and asked for an order directing the sheriff to return to him the sum of $140, being 10 per cent. of his bid. On February 13, 1934, the defendant in error A. A. Drummond filed a motion in the original partition suit, No. 5392, and afterwards, on February 23, 1934, filed an amended motion stating that he bid on one of the tracts at partition sale the sum of $2,100, and he deposited 10 per cent. of his bid amounting to $210; that at a later date the Secretary of the Interior refused to approve said sale unless movant agreed to pay the sum of $2,400, and asked the court for an order vacating the confirmation of sale and directing the $210 be paid to him.

Afterwards, on February 24, 1934, R. B. Conner, sheriff of Osage county, filed a motion in the original partition suit, No. 5392, moving that the defendants in error show cause why an order of court should not be made compelling the purchasers to comply with their respective bids by paying balance due on purchase price, together with interest thereon at 6 per cent. per annum, which motion detailed the facts of the sale to and purchase by the various defendants in error, and by which the movant moved the court that an order and rule be made ruling the defendants in error and each of them to show cause why an order and rule should not be made ruling them and each of them to comply and complete their respective bids and purchases by paying the balance due from them and each of them together with interest.

A hearing was had on the several motions, and the trial court sustained the motions of the defendants in error and overruled the motion of the sheriff of Osage county. From the order of the court sustaining the several motions of the defendants in error and overruling the motion of R. B. Conner, sheriff of Osage county, this appeal has been taken.

A motion to dismiss has been filed on several grounds, but we shall consider only the one that the sheriff is not a proper person to prosecute this appeal. This court has held that the interest which entitled

a party to prosecute an appeal must be a financial interest. Muskogee County v. Muskogee G. & E. Co., 83 Okla. 167, 201 P. 358; Brunson v. Lightfoot, 87 Okla. 202, 209 P. 922; In re Gray's Estate, 131 Okla. 189, 268 P. 194. It is the general rule that an agent of the court and appointed under the statutes as an employee has no right to prosecute an appeal in his name and in his own right. A tax ferret cannot prosecute an appeal where he has been hired by the board of county commissioners to assess property. In re Stewart Brothers, 53 Okla. 153, 155 P. 1124. The Supreme Court of Rhode Island, in the case of Levine v. Levine, 44 R. I. 61, 115 Atl. 243, held:

"An appeal is a creature of statute, and is only available to those to whom the privilege is extended.

"A sheriff is an officer of the court, and subject to its orders and directions. * * *

"In a suit for separation, a writ of ne exeat having been directed to the sheriff, under which writ the sheriff accepted from defendant $500 cash bail and on decree was directed to pay the amount into the registry of the court, there being no statute granting the right, the sheriff cannot appeal from the decree."

The sheriff makes the following statement:

"In the case at bar the defendants in error moved the court by filing a motion in the original partition suit for an order directing the sheriff to pay back to them the 10 per cent. of the amount of their respective bids. The sheriff in his official capacity and on behalf of the parties to the action, took steps to collect the balance of 90 per cent. due on each of the sales made, by filing a motion in the original partition suit for a rule and order requiring the defendants in error to pay the balance of the purchase price of the several tracts of land. R. B. Conner, sheriff, therefore, under the authority and by reason of his official duties and obligations, became and is a party very must interested. The sheriff acted for and held the money in his possession as the agent of the parties to the action, and not as an agent for the purchasers. If the defendants in error in the case at bar are entitled to payment of 10 per cent. of their bid deposited with the sheriff at the time of sale, they can maintain an action against R. B. Conner, sheriff, to recover that money. This is, in effect, what they have done in this case by proceeding by way of motion instead of an independent action. They filed motions and procured an order of the court, which amounts to a judgment, directing the sheriff to refund them the money held by him, representing 10 per cent. of their several bids at the partition sale

These were proceedings by the defendants in error against R. B. Conner, sheriff of Osage county, Okla., instituted by way of motion as aforesaid. R. B. Conner, sheriff, being the agent of the parties to the original partition suit, was, under the law, obligated to collect the balance of the money due on the several sales and by way of motion proceeded to discharge that duty. The trial court denied the motion of the sheriff and sustained the motion of the defendants in error. The sheriff was bound, under the law, to elect whether he would comply with the order of the court or appeal therefrom. To save himself from personal liability and from liability upon his official bond, and to avoid liability under the amercement statute, R. B. Conner, sheriff of Osage county, Okla., elected to appeal to this court that a final adjudication of this matter may be had, and the rights of all parties finally fixed."

We cannot agree that the sheriff had any such duty or right. He is an officer of the court; and when the court has entered its order, and no individual cares to or is present to protect himself by appeal or otherwise, the duty of the sheriff has ended. We are of the opinion, and therefore hold, that the sheriff was not a proper party to prosecute the appeal, and the same is dismissed.