No. 36,200

C. W. Anderson, *Plaintiff-Appellee*, v. J. F. Carder, *Defendant-Appellee;* Chester Bowles, Administrator of the Office of Price Administration, *Intervenor-Appellant.*

(150 P. 2d 754)

Opinion filed July 20, 1944.

*James B. Nash,* of Wichita, and *David London,* of Washington, D. C., argued the cause, and *Ellis C. Clark,* of Wichita, *Thomas I. Emerson, Fleming James,*

*Jr.,* and *Edward H. Hatton,* all of Washington, D. C., were on the briefs for the appellant.

*Edward Rooney,* of Topeka, argued the cause, and *Jacob A. Dickinson,* and *A. N. Alt,* both of Topeka, were on the briefs for appellee C. W. Anderson.

The opinion of the court was delivered by

WEDELL, J.: This was an injunction suit in the district court to set aside and enjoin the enforcement of a judgment defendant had obtained against the plaintiff in the court of Topeka pursuant to section 205 (e) of the Emergency Price Control Act of 1942 (56 Stat. 23, 50 U. S. C. A. App., §§ 901, 925e). Plaintiff prevailed. The costs of the action were assessed against the defendant and he paid the judgment for costs. The intervenor, administrator of the office of price administration, alone appeals. The intervenor served notice of appeal upon the plaintiff and defendant, but defendant is not participating in the appeal. Before reaching the merits of the case we are confronted with a motion of plaintiff, appellee, to dismiss the intervenor's appeal. The nature of the action and defense, as well as the motion filed by the intervenor, is disclosed by a summary of the pleadings. The amended petition, in substance, alleged:

The residence of plaintiff and defendant was Topeka; the defendant in the instant case, J. F. Carder, had filed a suit in the court of Topeka entitled, "J. F. Carder vs. C. W. Anderson"; his bill of particulars in that action alleged:

"That on or about July 10, 1943, the plaintiff purchased of the defendant, one Servel Electric Refrigerator and which refrigerator was number R 10 F 100276 and that the plaintiff paid the defendant therefor the sum of $102.50 in United States currency.

"Plaintiff further alleges that the said refrigerator was not re-conditioned and carried no guarantee whatsoever and that plaintiff purchased said refrigerator 'as is.'

"That plaintiff further alleges that said sale was in violation of the Emergency Price Control Act of 1942 as passed by the United States Congress and that said sale was in violation of Revised Maximum Price Regulation No. 139 of the Office of Price Administration and Executive Order No. 9250.

"Plaintiff further alleges that the ceiling price on said refrigerator as set forth by the above mentioned act, ruling and order was $10.50 and that the defendant overcharged plaintiff the sum of $92.00 for said refrigerator.

"That by reason of said overcharge, plaintiff has been damaged in the sum of $92.00.

"Wherefore, plaintiff prays judgment against the defendant in the sum of $276.00 plus the costs of this action, including a reasonable attorney's fee and for such other and further relief as to the Court may seem just and equitable."

The amended petition in the instant action further alleged:

"Plaintiff alleges that thereafter and on October 6, 1943 the Court of Topeka rendered judgment against this plaintiff in the sum of $276.00 and costs.

"Plaintiff further says; said judgment is illegal and void for the reason that the Court of Topeka is a Justice of the Peace Court and has no jurisdiction of the subject matter; that the judgment obtained by the defendant, J. F. Carder in the Court of Topeka is a judgment for penalties under the Emergency Price Control Act of 1942.

"Plaintiff further alleges; the Courts of the State of Kansas have no jurisdiction to render penal judgments based on the laws of other jurisdictions, including the laws of the other 47 states, and the United States; and that the Courts of the State of Kansas are without jurisdiction to inflict penalties of other jurisdictions and that it appears from the face of the bill of particulars, upon which said judgment was based, that said judgment is a penal judgment inflicted upon this plaintiff for the violation of Price Regulation No. 139 of the Emergency Price Control Act of 1942."

Plaintiff, appellee, prayed to have the judgment of the court of Topeka declared a nullity and to have its enforcement enjoined. The defendant's answer admitted he had obtained the above described judgment but he denied it was void or illegal and affirmatively alleged the court of Topeka had jurisdiction to render it. The defendant moved for judgment on the pleadings. It is not contended this motion did not raise every legal issue in the case and indeed it did. The motion was overruled. Approximately three weeks later but before judgment was formally entered the court, upon application of appellant to intervene and with consent of the parties, gave appellant leave to intervene. The intervenor filed the following motion:

"Comes now Chester Bowles, Administrator for the Office of Price Administration, intervenor in this above-entitled court and cause, and moves the court that a judgment be not entered in this case enjoining the defendant from enforcing the judgment in the case of J. F. Carder vs. C. W. Anderson, No. 56374, in the Court of Topeka, Kansas, and that judgment be entered in favor of the defendant J. F. Carder for the following reasons, to-wit:

"1. The judgment rendered in the Court of Topeka, Shawnee County, Kansas, on September 20, 1943, in the case of J. F. Carder vs. C. W. Anderson, No. 56374, is a valid judgment, upon which execution for its satisfaction should issue.

"2. The courts of the State of Kansas, including the Court of Topeka, have jurisdiction to enforce the Emergency Price Control Act and regulations passed pursuant thereto.

"3. The amended petition filed by the plaintiff herein does not state facts sufficient to constitute a cause of action against the defendant."

The motion was overruled. The district court declared the judg-

ment of the court of Topeka null and void, set it aside, enjoined the defendant from attempting to collect it and rendered judgment against the defendant for the costs of the action. The defendant promptly paid the judgment. Thereafter the intervenor served notice of appeal from the order overruling his motion and from the judgment rendered.

Appellee has formally moved to dismiss the appeal in this court for the following reasons:

Appellant was not a proper intervenor in the injunction suit; he has no personal interest in the judgment rendered; he is not prejudiced or aggrieved thereby; the defendant, the real party in interest, is not appealing and the intervenor is not a proper party appellant.

Appellant contends: As administrator of the price control act he is authorized to intervene under the provisions of the act; the parties consented to his intervention; he has an interest in the question of the jurisdiction of the court of Topeka over the subject matter and in the enforcement of the price control act.

We think appellant was empowered to intervene under the provisions of section 205 (d) of the act (50 U. S. C. A. App. 925d). Besides appellee consented to the order of intervention and is in no position to complain concerning it.

The question of what constitutes the necessary interest to give a person a right of appeal is often an interesting one. Ordinarily a person cannot appeal from a judgment unless he has a particular interest therein and is aggrieved or prejudiced thereby. Ordinarily his interest must be immediate and pecuniary. (*McLeod v. Palmer,* 96 Kan. 159, 150 Pac. 535; *Cardin v. Apple,* 150 Kan. 162, 92 P. 2d 32; *In re Estate of Doyle,* 152 Kan. 23, 30, 103 P. 2d 52; 2 Am. Jur., Appeal and Error, §§ 149, 150, 152; 4 C. J. S., Appeal and Error, § 186.) Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant. (2 Am. Jur., Appeal and Error, § 152; see, also, *Nicholas v. Lawrence,* 161 Va. 589, 171 S. E. 673; *Barriger v. Louisville Gas & Electric Co.,* 196 Ky. 268, 244 S. W. 690.)

In the instant case the question is not whether appellant ordinarily has a sufficient interest in an action between private litigants involving rights under the price control act to entitle him to appeal from a judgment rendered where he has intervened in the action.

The first question requiring our attention is whether this court will entertain his appeal where the judgment recovered by a private litigant for a violation of that act has been set aside by the judgment of a court of competent jurisdiction and the party aggrieved by the latter judgment does not appeal but, on the contrary, acquiesces in the latter judgment by satisfying the judgment for costs rendered against him.

Would the defendant, the party aggrieved by the judgment, have a right of appeal under the circumstances? In this state we have repeatedly emphasized the ease with which a stay of execution may be procured. Whatever the rule may be elsewhere, it is well settled in this jurisdiction that anything that savors of acquiescence in a judgment cuts off the right of appellate review, and that the payment of costs by a defeated litigant falls in that category. (*Paulsen v. McCormack*, 133 Kan. 523, 1 P. 2d 259; *Paul v. Western Distributing Co.*, 142 Kan. 816, 52 P. 2d 379; *Muckey v. Baehr*, 158 Kan. 19, 145 P. 2d 164, and cases therein cited.)

In *Foster v. Capital Gas and Electric Co.*, 125 Kan. 574, 265 Pac. 81, a damage action against the gas company and the city of Topeka resulting from an explosion of a gas main, we held the gas company liable. We released the city of Topeka on the ground the city in the construction and maintenance of its sewers which were involved in the action was engaged in a governmental function as distinguished from a ministerial or proprietary function. In the opinion on a motion for rehearing (*Foster v. Capital Gas and Electric Co.*, 126 Kan. 440, 268 Pac. 738), although a question of municipal law was involved, we said:

"A motion for rehearing was granted in this action on the question as to whether the construction and maintenance of a sewer is a governmental function as distinguished from ministerial or proprietary. Additional briefs were filed on the question and oral argument had, since which time we are advised the judgment has been paid. Under the circumstances, the case has become moot and no decision on the question submitted is necessary."

In the recent case of *Muckey v. Baehr*, supra, an insurance company had issued a liability insurance policy to the defendant, and provided counsel for his defense in an automobile damage action filed only against him. Judgment was for plaintiff and defendant paid the judgment rendered against him. The insurance company, acting in the name of the defendant, the insured, served and filed a notice of appeal to this court. We concluded the controversy be-

tween the plaintiff and the insured had become moot by defendant's payment of the judgment, and held:

"In an action for damages, where plaintiff recovers a money judgment and defendant voluntarily pays it in full, neither the defendant nor anyone in his behalf may appeal from the judgment." (Syl.)

In the Paulsen case, *supra*, two plaintiffs brought an action in ejectment to obtain possession of a farm which they jointly claimed under their mother's will. The defendant prevailed. One of the plaintiffs satisfied the judgment rendered against both of them by the payment of the costs in full. Neither of the plaintiffs had sought to stay execution of the judgment for costs. Both plaintiffs appealed. We held the satisfaction of the judgment for costs precluded appellate review as to both appellants.

In the instant case appellant asserts that his interest in reversing the judgment of the district court is to establish the jurisdiction of the court of Topeka over actions involving pertinent provisions of the price control act and to deter other violations of the act. The trouble with the contention is that the controversy between the principal parties to the action and all questions involved therein have become moot insofar as this particular action is concerned. Irrespective of whether the rights of the private litigants involved were properly determined by the district court their controversy in this case has become settled. Defendant's compliance with the judgment leaves nothing to be litigated in this action. When that condition appears, the appeal should be dismissed. (*American Book Co. v. Kansas*, 193 U. S. 49, 24 S. Ct. 394, 48 L. Ed. 613.)

In passing it also may be noted appellant does not contend if the instant appeal is dismissed he will be precluded, in his official capacity, from enforcing the provisions of the price control act so as to deter other violations thereof. Appellant does not argue or intimate that the judgment of the district court in this civil action, or that defendant's acquiescence therein, prevents him from prosecuting the plaintiff, appellee, criminally for violating the provisions of the act and thus deterring others from violating it.

All authorities originally and subsequently cited by appellant involving the price control act have received our careful consideration. They disclose no decisions in conflict with the views herein expressed where the defeated, the aggrieved party, has acquiesced in the judgment rendered against him.

Appellant has forcefully and very properly directed our attention

to the heavy responsibilities confronting him in administering the duties of his office. We are not unmindful of those duties and responsibilities. In our opinion, however, any other conclusion than that herein reached would establish an unwise and dangerous precedent whereby we would be opening the door to the adjudication of endless moot and abstract questions of law involving not only the far-reaching price control act but also the same character of questions under numerous other state and federal acts. We think the judicial process of administering justice under the price control act and various other state and federal acts will be best subserved by the views herein expressed.

In the light of what has been said it, of course, becomes inappropriate to comment on the merits of the appeal.

The appeal must be dismissed. It is so ordered.