BOARD OF REVIEW CREATED BY OKLAHOMA EMPLOYMENT SECURITY ACT et al. v. CODDING et al.

No. 33061. Oct. 21, 1947.

*185 P. 2d 702.*

Burton C. Duncan, of Oklahoma City, for plaintiffs in error.

R. E. Havens, of Pawhuska, for defendants in error.

PER CURIAM. This is a proceeding commenced by Grace Fulk Codding, defendant in error, under the provisions of chapter 6 and 6a of the S.L. Oklahoma, 1941, and now contained in 40 O.S. 1941 §§ 211-233, inclusive. The administrator created by the act denied the relief to the applicant whereupon she proceeded before the tribunal set up in the act. She was likewise denied relief and proceeded before the Board of Review, consisting of Harvey J. Lambert, Vice-Chairman, and Anton Koch, member, and again was denied such benefits. She prosecuted her appeal under the provisions of the act to the district court of Osage county which granted her relief in a final order.

The Board of Review has commenced this proceeding to test the legality of the order of the district court. The defendant in error, Grace Fulk Codding, has filed a motion to dismiss. It is our opinion that the motion should be sustained. The related portions of the Act are as follows:

"(7) Judicial Review. Within the time specified in Paragraph (3) of this Subsection, the Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court of the county in which the claimant resides, or if the claimant is not a resident of the State of Oklahoma, then in the district court of Oklahoma County, a petition for review of such decision, against the Board of Review, in which action any other parties to the proceedings before the Board of Review, including the Commission, shall be made codefendants. . .

"Such proceedings shall be heard in a summary manner and shall be given precedence over all other civil cases. An appeal may be taken from the decision of the district court to the Supreme Court of this State in the same manner, as is provided in other civil cases. . .

"(8) Representation. The Commission shall be a party to and entitled to notice in any proceeding involving a claim for benefits before an appeal tri-

282

bunal or the Board of Review. In any proceeding for judicial review pursuant to Paragraph (7) of this Subsection the Commission may be represented by any qualified attorney employed by the Commission and designated by him for that purpose, or at the Commission's request by the Attorney General. . . ."

In Anderson v. Carder, Adm'r, 159 Kan. 1, 150 P. 2d 754, it is stated that ordinarily one cannot appeal from a judgment unless he has a particular interest therein and is aggrieved thereby, and such interest must ordinarily be immediate and pecuniary.

In Conner, Sheriff, v. Drummond, 173 Okla. 251, 46 P. 2d 447, we stated:

"The sheriff is not a proper party in his own right to prosecute an appeal from an order of the court which sustains a motion to vacate a proceedings upon the sale of real estate in partition and orders the repayment of money to parties purchasers at said sale."

By reference to the above statutes allowing appeals, it may be seen that the law provides that the commission, or any party to the proceeding before the Board of Review, may obtain a judicial review thereof by filing the proceeding in the district court. Provisions of the statute indicate that the Board of Review is only interested in the proceeding, not as a litigant, but as one authorized to grant relief. We are of the opinion that it was not the intention of said enactment to allow the Board of Review to prosecute an appeal independent of the parties involved in the order of the district court made in the proceeding.

Appeal dismissed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ.; concur.