NATIONAL MOTOR CLUB OF OKLA-
HOMA, INC., Appellant,

v.

STATE INSURANCE BOARD of Oklahoma, Joe B. Hunt, President, Nelson H. Newman, Jr., Secretary, and Joe Carey, Member, and John J. Amar, Appellees.

No. 40996.

Supreme Court of Oklahoma.

June 23, 1964.

Fellers, Snider, Baggett & McLane, by William C. Boston, Jr., Oklahoma City, for appellant.

Richard K. Race, Thomas M. Wakely, Oklahoma City, for appellee, State Insurance Board.

Savage, Gibson, Benefield & Shelton, Jack R. Lawrence, C. Wayne Litchfield, Oklahoma City, for appellee, John J. Amar.

IRWIN, Justice.

The issue presented is whether the appellant, National Motor Club of Oklahoma, Inc., hereinafter referred to as National,

can appeal to this Court from the order of the State Insurance Board issuing a Motor Service Club Agent's License to John J. Amar, referred to as Amar.

The record discloses that Amar filed an application with the State Insurance Board, referred to as Board, requesting a license as a motor service club agent. National filed a written demand with the Board that it hold a hearing prior to the issuance of the license and that it be granted the opportunity to be heard. A public hearing was had and National presented evidence and objected to the issuance of the license.

The Board determined that the record as reviewed would not be a bar to the issuance of a license and issued an order that the license application of Amar be granted as provided by Title 47 O.S.1961 § 653. National filed a motion for rehearing and the same was denied by the Board.

National filed its Petition in Error in this Court and Amar and the other appellees filed a Motion to Dismiss on the grounds that our laws do not grant National the right of appeal to the Supreme Court under the facts herein presented.

Both parties seem to agree that if National has the right of appeal from the order of the Board, such right is granted by Title 36 O.S.1961 § 347, and/or Title 75 O.S. Supp.1963 § 318. We find it unnecessary to determine whether one or both sections are applicable, but will assume that both sections govern the right of appeal.

Section 347, supra, provides:

"Any order or decision of the Board shall be subject to review by appeal to the Supreme Court of Oklahoma *at the instance of any party in interest.* \* \* \*" (emphasis ours).

Section 318, supra, was enacted in 1963, and is a part of the Administrative Procedures Act, which, inter alia, provides:

"*Any person or party aggrieved or adversely affected* by a final order in an individual proceeding, \* \* \* is entitled to \* \* \* judicial review \* \* \*." (emphasis ours).

Assuming that both sections are applicable, National has the right to appeal in the instant action if it is either a *party in interest, or a party aggrieved or adversely affected.* In considering whether it meets one or all of these requirements, the issue before us does not touch the merits of the appeal, but merely the authority of this Court to entertain the appeal.

In Love v. Wilson, 181 Okl. 558, 75 P.2d 876, we held that "a party aggrieved" is one whose pecuniary interest is directly affected or whose right of property is established or divested by the decree; and, "an interested party" is one whose statutory rights or immunities will be altered, enlarged, or abridged by the decree. Although the above definitions were set forth in an opinion involving probate matters, we did define the meaning of the terms.

In Board Of Review Created By Oklahoma Employment Security Act v. Codding, 199 Okl. 281, 185 P.2d 702, the Board of Review sought an appeal to this Court. In considering the cause and dismissing the same, we said:

"In Anderson v. Carder, Adm'r, 159 Kan. 1, 150 P.2d 754, it is stated that ordinarily one cannot appeal from a judgment unless he has a particular interest therein and is aggrieved thereby, and such interest must ordinarily be immediate and pecuniary."

In Swan v. Home Savings & State Bank, 148 Okl. 42, 297 P. 250, we held that in order to maintain an appeal or a writ of error in this Court, it is necessary that appellant shall be injuriously affected or aggrieved by the order complained of and one cannot appeal from a decision, however erroneous, which does not affect his substantial rights.

In 73 C.J.S. Public Administrative Bodies and Procedure § 176, page 517, we find this language:

"Since the legislature has power to formulate the conditions under which resort to the courts may be had, the persons accorded a right to obtain a re-

view of administrative decisions and orders are to be ascertained from the terms of the statute providing therefor. Not every person who files a protest and is given an opportunity to be heard by the administrative agency has a right to appeal from an order of the agency, but whether a particular person has the right to contest administrative action is largely a question of law, dependent on a number of variable factors, including the nature and extent of his interest, the character of the administrative act, and the terms of the statute. Under some statutes anyone made a party to the proceeding may appeal, while under other statutes the right of appeal is limited to any party to the proceeding who is affected thereby, and even where intervention is granted it is not controlling as to the right of an appeal."

In Arsenal Board of Trade v. Pennsylvania Public Utility Commission, 166 Pa. Super. 548, 72 A.2d 612, it is stated that every person who files a protest in a proceeding before the Commission, and who is given an opportunity to testify, is not ipso facto a party to the proceedings with the right of appeal from the Commission's order.

The grounds for protesting the issuance of the license to Amar before the Board and set forth in National's Petition in Error are:

1. Amar was attempting to obtain said license through misrepresentations and fraud;
2. Amar has been convicted, by final judgment, of two felonies involving moral turpitude; and
3. Amar has been guilty of fraudulent and dishonest practices.

As heretofore stated, whether or not the Board should have issued the license is not an issue before the Court at this time, but the only issue is whether National is one of the class of persons to whom the Legislature intended to grant the right of appeal to this Court.

The fraudulent and dishonest practices referred to in number (3) above, relate to Amar's employment with National. National is a motor service club and its agents sell memberships in Oklahoma. Amar is the former officer and director of National, and National avers that while he was so employed, he made plans to organize a club to compete with National and that he planned to attempt to employ all or substantially all of National's sales organization. National also avers that while Amar was in its employment, he appropriated for his own use, benefit and profit, certain confidential information and trade secrets, including a list of National's members and policyholders containing names and addresses.

In other words, National urges that it is "an interested party" or "an aggrieved party" and has the right of appeal because Amar has been guilty of fraudulent and dishonest practices in his employment with it and that he intends to use the information so obtained for his use and benefit and to the detriment of National.

In Brenner v. Stavinsky, 184 Okl. 509, 88 P.2d 613, we held that a former employee, who has become a competitor of his erstwhile employer, may be enjoined from using, for the purpose of soliciting or initiating business, a list of the customers of his former employer surreptitiously obtained by him during the employment. Assuming National may have a right of action against Amar, which we in no manner consider or determine in this opinion, such rights, do not necessarily constitute National an "interested", an "aggrieved" or an "affected" party as those terms are employed in Sections 347 and 318, supra. The granting of the license to Amar does not alter, enlarge or abridge National's rights, nor does it affect its substantial rights, although the manner in which Amar uses his license may affect the substantial rights of National. However, we are not concerned with the manner in which Amar may use his license, but with the proceedings wherein the license was issued and National's

right of appeal from the order issued in the proceedings.

We can only conclude that the previous employer-employee relationship between National and Amar and the manner in which Amar may use his license do not constitute National an "interested", "aggrieved" or "affected" party as that term is employed in Title 36 O.S.1961 § 347 and/or Title 75 O.S.Supp.1963 § 318.

The other two grounds, (1) and (2), heretofore set forth, concern the merits of the appeal, i. e., whether the license should or should not have been issued because of the evidence submitted by National tending to establish these allegations. Whether the Board should nor should not have issued the license in view of evidence is not before the Court at this time. The only issue is whether National can appeal from the order issuing the license. Assuming, but not deciding, that the Board should not have issued Amar the license in view of the evidence, such fact does not constitute National an "interested", "aggrieved" or "affected" party within the meaning of such term as employed in Sections 347 and 318, supra. Although National presented its protest in the proceedings before the Board, National was not a party in interest, nor an aggrieved party, nor adversely affected by the Board's order granting Amar a license.

█ National contends that it was a party in the proceedings below and the issue as to whether it is an interested, aggrieved or affected party cannot be raised for the first time on appeal.

The right to protest and submit evidence in a proceeding before the Board does not ipso facto give the protesting party the right to maintain an appeal from the Board's action. Whether the protestant has the right to contest the Board's action by perfecting an appeal is largely a question of law, dependent on a number of variable factors, including the nature and extent of his interest, the character of the proceedings, and the terms of the statute.

Our statutory law specifically prescribes who may appeal from an order of the Board. The fact that National appeared before the Board and protested the issuance of the license are not controlling as to who may perfect an appeal. The Board may not grant a party the right to appeal, but such right is granted by legislative enactment. We therefore conclude that the issue as to whether National is an interested, aggrieved or affected party and may maintain this appeal is a question of law for this Court to determine and may be raised for the first time on appeal.

National's appeal is accordingly dismissed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.