Dear Judge Norman,
¶ 0 This office has received a request for an Attorney General Opinion in which you asked, in effect, the following question:
Is there a legal basis for a court to require a sheriff toprovide security for the district courts held in that county?
¶ 1 Your inquiry addresses whether a county sheriff must provide security for the county courthouse facilities, specifically the offices of the district court. Security, for purposes of this Opinion, shall mean the maintaining of order or preservation of the peace in the courtroom. We shall examine the relevant provisions of the Oklahoma Constitution, statutory provisions, and case law to address your question. The fundamental rule of statutory construction is to ascertain the intent of the legislature in enacting the law and construing it to give effect to this intent. Sharp v. Tulsa County ElectionBd., 890 P.2d 836, 840. (Okla. 1994).
¶ 2 While the office of county sheriff is created by the Oklahoma Constitution, the powers and duties of that office are statutory and are set by, and may be amended by, the legislature. OKLA. CONST., Article XVII, Section 2. The powers and duties of the county sheriff, in general, are set forth at 19 O.S.510-19 O.S. 565.3 (1991). An examination of those provisions reveals no statutory or constitutional provisions thatexpressly require a sheriff to provide security for the district courts, but there are statutes that may allow a court to require the sheriff to provide security for the courts.
 POWERS AND DUTIES OF THE SHERIFF
¶ 3 Our examination of the basis for a court to require the county sheriff to provide security begins with the powers and duties of the sheriff. Title 19 of the Oklahoma Statutes, Section 19 O.S. 516, states that the duties and powers of the county sheriff as a peace officer are as follows:
 It shall be the duty of the sheriff, under-sheriffs and deputies to keep and preserve the peace of their respective counties, and to quiet and suppress all affrays, riots and unlawful assemblies and insurrections, for which purpose and for the service of process in civil and criminal cases, and in apprehending or securing any person for felony or breach of the peace, they and every constable may call to their aid such person or persons of their county as they may deem necessary (emphasis added).
¶ 4 Thus, while the sheriff is charged with the duty to "keep and preserve the peace" of the county, the statute is not specific regarding the scope of that duty. Another statute relevant to your inquiry relates to the powers and duties of a county sheriff, and embraces attendance in court. That section provides as follows:
 The sheriff in person, or by his under-sheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authorities, and to him directed, and shall attend upon the several courts of record held in his county.
19 O.S. 514 (1991) (emphasis added).
¶ 5 Thus, the sheriff (or his staff) is required to attend the courts of record and perform certain law enforcement-related functions at that time. The scope of those functions is not clearly defined by the provisions of that statute, but Oklahoma courts have explained the role of the sheriff's attendance in the courtroom.
¶ 6 The Oklahoma Court of Criminal Appeals has stated that:
 Further we consider it within the discretion of a trial court whether or not [it] will require an officer to remain in the court room to maintain order and preserve the peace during the proceedings. Such could be for the protection of a defendant or litigant as well as the court.
Hurt v. State, 312 P.2d 169, 176. (Okla.Crim.App. 1957).
¶ 7 Thus, the sheriff may be required to be present in the courtroom to maintain order and preserve the peace during the proceedings, which is in effect providing security for the Court.
 THE SHERIFF IS AN OFFICER OF THE COURT
¶ 8 The Oklahoma Supreme Court long ago determined that the sheriff is an officer of the court, and therefore is subject to its orders and directions. Conner v. Drummond, 46 P.2d 447, 448
(Okla. 1935); Trimmer v. State, 286 P. 783, 784 (Olda. 1930). In 1969, the Oklahoma Court of Criminal Appeals reached a similar conclusion and clarified the role of the sheriff in the courtroom. That court specifically discussed the presence of a deputy sheriff in the courtroom and agreed with the lower court's determination regarding a sheriff being an officer of the court. The court stated as follows:
 [I]t is this Court's opinion that it can require Peace Officers in the presence of the Court at any time for the protection of all concerned, whether it is the defendant or anyone else and for that reason the officer is here as an Officer of the Court."
Snow v. State, 453 P.2d 274, 277 (Okla.Crim.App. 1969).
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 While the provisions of 19 O.S. 514 (1991) do not expressly require the sheriff to provide security for a district court held in the county, the sheriff is required to "attend upon the several courts of record held in his county". Id. Thesheriff is an officer of the court and is subject to its ordersand direction. Conner v. Drummond, 46 P.2d 447 (Okla. 1935.)It is within the discretion of a trial court whether or not torequire an officer to remain in the courtroom to maintain orderand preserve the peace during the proceedings. When requested,the county sheriff must provide security for the courts whilethey are in session. See Hurt v. State, 312 P.2d 169(Okla.Crim.App. 1957); Snow v. State, 453 P.2d 274(Okla.Crim.App. 1969).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONS ASSITANT ATTORNEY GENERAL