## BRUNSON v. LIGHTFOOT et al.

No. 12314—Opinion Filed Oct. 3, 1922.

(Syllabus.)

1. **Pleading—Judgment on Pleadings—Disclaimer in Answer of Defendant in Action to Quiet Title.**

In an action brought to cancel a deed and quiet title in the plaintiff to certain real estate, where one of the defendants in his answer disclaims any right, title, or interest in the land in controversy except such as he may hold as trustee for E. O. M. C., and he further pleads in the answer a deed executed by himself conveying all title he had as trustee for E. O. M. C., which deed was executed and delivered prior to the commencement of the action, held, that he does not hold any title as trustee for E. O. M. C., and it was not error for the court to render judgment against such defendant.

2. **Appeal and Error—Right to Appeal—Party Disclaiming Interest in Subject-Matter.**

Where a defendant has by his answer disclaimed any interest in the property and pleads that he conveyed the property to another party prior to the commencement of the action, and on such disclaimer the court renders judgment against him, such defendant does not have any interest in the property in controversy that entitles him to appeal to this court to review the judgment of the trial court where such judgment only quiets title in the plaintiff as against him, and does not assess any costs or damages against him.

3. **Same—Dismissal.**

Where a defendant prosecutes an appeal in this court and it appears that he has no interest in the property in controversy and has disclaimed any interest therein, and the defendant in error moves to dismiss his appeal on said ground, such motion will be sustained and the appeal dismissed.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Annie Lightfoot to quiet title to certain real estate as against C. H. Brunson et al. Brunson disclaimed any interest in the property, and judgment was rendered against him on this disclaimer. Brunson appeals. Appeal dismissed.

C. A. Ambrister and B. Broaddus, for plaintiff in error.

Jones, Foster & Randolph, for defendants in error.

MILLER, J. This action is pending in this court on the motion of defendant in error, Annie Lightfoot, to dismiss the appeal. Several grounds are set up in the motion to dismiss and relied upon by movant in her brief in support of the motion to dismiss. We think one of the grounds stated in the motion is well taken and should be sustained. As the appeal must be dismissed, it is unnecessary for us to consider or express any opinion upon the merits of the other grounds stated in the motion.

The plaintiff in error, defendant below, in his amended answer disclaimed any right, title, or interest in the property in controversy in this action, and upon this disclaimer the trial court sustained a motion for judgment on the pleadings in favor of Annie Lightfoot, plaintiff below, and against C. H. Brunson, as defendant below, and this is the judgment sought to be reviewed by this appeal.

The facts, as disclosed by the record, are as follows: On November 25, 1912, Bernhard Henry Thies executed and delivered to William Lightfoot and wife, Annie Lightfoot, and Jennie Tincher, a deed of general warranty conveying to them the title to the property in controversy in this action. Thereafter, in an action instituted in the superior court of Muskogee county by the First National Bank of Muskogee, as plaintiff, against several defendants, including William Lightfoot, above referred to, and C. H. Brunson, plaintiff in error here, and on the 9th day of April, 1918, a judgment was rendered against said defendants and in favor of said First National Bank of Muskogee for a sum in excess of $11,000. On this judgment an execution was issued and levied upon the interest of William Lightfoot in the property in controversy, which was claimed to be an undivided one-fourth interest, and said property was sold to satisfy said judgment. C. H. Brunson made the highest bid at the execution sale, the sale was confirmed, and a sheriff's deed executed naming C. H. Brunson as the purchaser and grantee.

Thereafter this action was instituted in the superior court of Muskogee county by Annie Lightfoot, as plaintiff, against the First National Bank of Muskogee, Okla., Gulf Pipe Line Company, of Oklahoma, and C. H. Brunson, as defendants. The petition stated that the property in controversy had been purchased by Annie Lightfoot and her daughter, Jennie Tincher, jointly; that William Lightfoot paid no part of the consideration for same and never claimed any interest in the property, but that the said Annie Lightfoot, understanding and believing that where title to real estate was conveyed either to or by a married woman, it was necessary to include in the deed of conveyance the name of the husband, and for that reason, and that only, she had directed that the deed of conveyance be made to William Lightfoot and wife, Annie Lightfoot, and Jennie Tincher, as parties of the second part.

She further alleged in her petition that C. H. Brunson and one C. E. Trumbo were the principal debtors in the suit brought by the First National Bank of Muskogee, and that William Lightfoot was an accommodation indorser thereon; that, in consideration of property of the approximate value of $32,000 transferred by William Lightfoot and others to the said C. H. Brunson and C. E. Trumbo, they assumed certain indebtedness, including the note sued on by the First National Bank of Muskogee in the action above referred to. The petition had, attached thereto as an exhibit a copy of the written contract by which said C. H. Brunson and C. E. Trumbo assumed said liability.

The plaintiff, Annie Lightfoot, asked for a decree of court that William Lightfoot held the title in trust for her, and that she be decreed to be the owner of an undivided one-half interest in the property free and clear of the lien, judgment, claims, or interest of the First National Bank of Muskogee or C. H. Brunson, and that the defendant Gulf Pipe Line Company be required to pay over to her one-half of the royalty oil produced on said land and render an accounting therefor to the plaintiff.

To this petition C. H. Brunson filed an answer, which contained a general denial and set up fraud on the part of William Lightfoot in procuring said contract by which he agreed to assume the indebtedness owed to the First National Bank of Muskogee. He also alleged that he purchased the interest in the property in controversy at the sheriff's sale, not for himself, but as trustee for and in behalf of the Eastern Oklahoma Motors Company and the said company paid the consideration therefor, and asked that the title to said lands be quieted in him as trustee. To this answer the plaintiff filed a demurrer. Thereafter the Eastern Oklahoma Motors Company filed its motion for leave to intervene. On November 6, 1920, the court passed upon the demurrer of the plaintiff and the motion to intervene, when the following order was made:

"Motion of Eastern Oklahoma Motors Company for leave to intervene heard, is overruled and Eastern Oklahoma Motors

Company excepts. Demurrer of plaintiff to answer of defendant heard and sustained as to the second and third defense of defendant's answer. Defendants except and ask and are granted leave to file answer within ten days."

The Eastern Oklahoma Motors Company did not take any steps to appeal from this order of the court overruling its motion to intervene.

Thereafter, on December 6, 1920, Brunson filed an amended answer, consisting of a general denial, a repetition of the allegations of fraud on the part of William Lightfoot in procuring the contract by which he assumed the indebtedness to the First National Bank of Muskogee, and that on July 9, 1918, he conveyed all of his title by quitclaim deed to the Eastern Oklahoma Motors Company, setting out a copy of the deed. This answer also contains the following paragraph:

"For further answer, the defendant C. H. Brunson alleges and states that he disclaims any right, title, or claim in and to said premises described in plaintiff's petition or ever having had any interest thereto except such as he might hold for and in behalf and as trustee of the Eastern Oklahoma Motors Company."

The prayer of the answer is that the plaintiff take nothing by her action, and that C. H. Brunson have judgment as trustee for the Eastern Oklahoma Motors Company, and it be decreed to be the owner of the property in controversy free and clear from any claim, lien, or title of the plaintiff, and for general relief and costs. The plaintiff filed a motion for judgment in her favor on the pleadings and as against defendant C. H. Brunson. This motion was sustained on the 8th day of January, 1921, when the court made the following journal entry, omitting the caption:

"Now on this 8th day of January, 1921, the same being a regular motion day of the regular January, 1921, term of said court, comes on for hearing the motion of plaintiff for judgment on the pleadings against the defendant C. H. Brunson, plaintiff appearing by her attorneys, Jones & Foster, and the defendant C. H. Brunson appearing by his attorneys, Broaddus & Ambrister, said motion is duly submitted and argued by counsel, and the court, having considered said motion and examined the pleadings in said cause and being well and sufficiently advised in the premises, finds that the said motion is well taken and should be sustained;

"It is therefore ordered, adjudged, and decreed that plaintiff's said motion for judgment on the pleadings against the defendant C. H. Brunson be and the same is hereby sustained.

"It is further ordered, adjudged, and decreed that plaintiff, Annie Lightfoot, have judgment against defendant C. H. Brunson as prayed for in her said motion;

"It is further ordered, adjudged, and decreed that said defendant C. H. Brunson has no right, title, interest, or claim in or to the real estate and premises described in plaintiff's petition in said cause, and being as follows, to wit: The west half (W.½) of the northeast quarter (N.E.¼) and the southeast quarter (S.E.¼) of the northeast quarter (N.E.¼) of section 15, township 14 north, range 16 east; nor in the rentals, profits, or royalties arising from said above described real estate, or any part thereof;

"It is further ordered, adjudged, and decreed that plaintiff's title to the above described real property and the rents, income, royalties, and profits arising or accruing therefrom be and the same is hereby quieted as against said defendant C. H. Brunson.

"It is further ordered, adjudged, and decreed that plaintiff having prayed for judgment without cost no judgment for costs is rendered against said defendant.

"Guy F. Nelson, Judge."

Section 5227, Revised Laws of Oklahoma, 1910, provides:

"Where defendants disclaim having any title or interest in land or other property, the subject-matter of the action, they shall recover their costs, unless for special reasons the court decide otherwise."

It is noticeable that the court did not render any judgment against Brunson for costs, and the judgment rendered was in accordance with the admissions made in his answer, to wit, that he disclaimed any interest in the property, and the court decreed that he did not have any interest in the property, and that the title in the plaintiff should be quieted as against defendant Brunson. When a defendant admits in his answer that he does not own any interest in the property and specifically disclaims any title or interest, and the court upon such answer decrees that he does not have any title or interest, he certainly cannot complain. This disclaimer is sufficiently definite and certain to bind the plaintiff in error. Bentley v. Cowman, 7 G. & J. (Md.) 153, 19 Md. 98.

But in his brief, in response to the motion to dismiss, he claims the right to appeal as trustee for the Eastern Oklahoma Motors Company. An examination of the record discloses that he is not trustee for the Eastern Oklahoma Motors Company, and was not such trustee at the time this action

was brought. The sheriff's deed to Brunson was executed July 1, 1918. His answer discloses that he executed and delivered to the Eastern Oklahoma Motors Company a quitclaim deed on July 9, 1918. This was filed in the superior court of Muskogee county October 14, 1919; therefore it clearly appears he had fully discharged his trust within nine days after he received the sheriff's deed. After the execution and delivery of the deed conveying whatever title he held as trustee to the Eastern Oklahoma Motors Company, for whom he claimed to hold the title, he was no longer trustee for this company in holding the title to the land. The plaintiff in error states in his brief that the quitclaim deed he executed to the Eastern Oklahoma Motors Company was not recorded, and therefore the doctrine of lis pendens applies. In his reply brief he says:

"Where the record shows that a cause has been litigated upon the theory that a claim to land is in a certain party, such party has the right to appeal from the judgment rendered in said cause, notwithstanding the fact that the evidence shows such title to have been conveyed by an unrecorded deed prior to the institution of the action."

He cites in support of this proposition Doyle v. Hays Land & Investment Co. (Kan.) 102 Pac. 496. This case does not sustain the proposition laid down by the plaintiff in error. Doyle, as defendant in the lower court, asserted throughout the trial that he was the owner of the property, and the question of his ownership was an issuable question of fact and law. The plaintiff, Hays Land & Investment Company, offered in evidence a deed executed by Doyle and claimed Doyle was divested of title. It moved to dismiss Doyle's appeal because, as they asserted, the deed offered in evidence by them divested Doyle of title, and he therefore could not maintain the appeal. Doyle did not disclaim title, neither did he admit that he had no title, but continued to assert that he was the owner of the property, and this was the question he was seeking to review in the Supreme Court by his appeal. We have examined the other cases cited by plaintiff in error in support of this contention, and are unable to find any one of them that has any application to the question before this court.

The plaintiff in error, Brunson, as defendant, in the court below disclaimed any interest in the property which was the subject of this action. On this disclaimer the court rendered judgment against him. This is the only judgment that could be rendered consistent with the disclaimer. We cannot conceive of it being error for the court to

render the only judgment it could render consistent with the pleadings. As the plaintiff in error has no interest in the property and has disclaimed any interest therein, he does not have any right of appeal.

For the reasons stated, the appeal is dismissed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON. JJ., concur.