### SWAN, Adm'x, v. HOME SAVINGS & STATE BANK.

No. 20204. Opinion Filed March 24, 1931.

H. P. Hosey and J. Will Jones, for plaintiff in error.

J. B. Dudley and Burke & Trice, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of McCurtain county, rendered on the 29th day of June, 1928, in an action wherein the Home Savings & State Bank, a corporation, trustee, was plaintiff, and H. C. Morris and Anna V. Swan, administratrix of the estate of S. G. Swan, et al. were defendants.

The plaintiff by its petition seeks to foreclose a mortgage on certain real estate in McCurtain county, which real estate was theretofore conveyed by S. G. Swan to the defendant H. C. Morris, who executed the mortgage sued upon.

The administratrix and the heirs of S. G. Swan, some of whom were minors, were

made parties defendant in the action. A guardian ad litem was appointed for the minor defendants. The guardian ad litem for the minor defendants filed an answer in which it is alleged that the lands involved in the action were the property of L. L. Swan, the mother of these answering defendants, at the time of her death, and that by will she conveyed title thereto to these answering defendants and two adult children of the deceased, one of which was Anna V. Swan, and that said lands were never the property of S. G. Swan or H. C. Morris, and that neither S. G. Swan nor H. C. Morris had any interest therein at the time of the execution of said mortgage. Anna V. Swan and the other adult defendants, for themselves, answered that they and the minor defendants were the owners of the land involved in the action and adopted the answer filed in behalf of said minors. Anna V. Swan, as administratrix of the estate of S. G. Swan, entered her appearance in the action in open court and adopted the answer of the minor defendants and consented to the trial of the cause at that time.

The cause was tried to the court and judgment rendered for the plaintiff foreclosing the mortgage, but no money judgment was rendered against the plaintiff in error.

The cause is now before the court on motion to dismiss the appeal for the reason the plaintiff in error, having by her answer in effect disclaimed any interest in the lands involved in the action, is not aggrieved by the judgment of the trial court

The answer filed by the minor defendants and adopted by Anna V. Swan, administratrix of the estate of S. G. Swan, deceased, plaintiff in error here, alleges the lands in question were never the property of S. G. Swan and that he had no right, title, or interest therein at the time of the execution of the mortgage sued on. S. G. Swan not having any interest in the lands involved, the administratrix of his estate could have no interest therein, and so having declared in the trial court, cannot be aggrieved by the decree of foreclosure.

"It is necessary, in order to maintain an appeal or writ of error, that the appellant shall be injuriously affected or aggrieved by the judgment, order, or decree complained of; therefore one cannot appeal from a decision, however erroneous, which does not affect his substantial rights." Eastwood v. Clinkscales, 82 Okla. 52, 197 Pac. 455; Baker v. Vadder, 83 Okla. 140, 200 Pac. 994; Brunson v. Lightfoot, 87 Okla. 202, 209 Pac. 922.

For the reason the plaintiff in error has no interest in the subject-matter of the action and is not aggrieved by the judgment rendered in this action in the trial court, and from which the appeal is taken, the appeal is dismissed.