SHARP et al. v. DOUGHERTY et al.

No. 33690.  Feb. 13, 1951.

Rehearing Denied June 26, 1951.

Application for Leave to File Second Petition for Rehearing Denied Sept. 25, 1951.

*235 P. 2d 663.*

Bradford J. Williams, Fenelon Boesche, Richard B. McDermott, Thomas H. Trower, and Williams, Boesche & McDermott, Tulsa, for plaintiff in error.

Haskell Paul and Curtis & Blanton, Pauls Valley, for defendants in error J. W. Dougherty and Sadie Dougherty.

Robinson, Shipp & Robertson, Oklahoma City, for defendants in error Kenneth A. Ellison, Bessie M. Ellison, R. T. Scott, and Wm. H. Harding.

WELCH, J.  Robert C. Sharp, L. C. Ritts, E. E. Simpson, Jr., executor, and Lillian Hartszogg, executrix of the estate of E. E. Simpson, deceased, and C. E. McCarty commenced this action against J. W. Dougherty, Sadie Dougherty, Kenneth A. Ellison, Bessie M. Ellison, R. T. Scott, and Wm. H. Harding and others to quiet title to an undivided one-half interest in the oil, gas and other minerals under a certain described 100-acre tract of land.

Note: Hereinafter in mention of events preceding the judgment herein, our references to the plaintiffs herein will include E. E. Simpson instead of those named in representative capacity.

At trial, there was practically no conflict in the evidence.

On October 12, 1925, S. D. Weldon and wife, then owners of all right and interest in the land involved, executed a note, with mortgage covering the land, in favor of the Clement Mortgage Company. In 1927 the Weldons, by general warranty deed, conveyed an undivided one-half interest in the minerals in and under the land whereby the plaintiffs herein in respective shares became owners of said one-half mineral interest. Thereafter the note and mortgage by mesne assignments became the property of C. Rollins Brown. On August 11, 1938, Brown received from the Weldons a warranty deed describing the tract of land here involved, but with the space for the naming of a grantee left in blank. On the same day Brown made an assignment of the mortgage to J. W. Dougherty and at the same time delivered to the said Dougherty the Weldon note and the Weldon deed with grantee unnamed. On August 31, 1938, Dougherty commenced a proceeding for foreclosure of the

mortgage. The Weldons and the plaintiffs herein, and one Bruce Whitaker and others were named defendants. The prayer of Dougherty's petition was for personal judgment against the Weldons on their note, and for foreclosure against all the defendants. The Weldons were served with summons but made no appearance. The plaintiffs herein, as defendants in the Dougherty action, and for answer to the petition of Dougherty, disclaimed any right, title or interest in the property involved and asked discharge with their costs. Thereafter, on November 18, 1938, the following pleading was filed:

"Comes now Bruce Whitaker, one of the defendants in the above entitled cause who has not been served with summons and enters his general appearance in this cause for all purposes and says that he disclaims any right, title or interest in and to the property involved in this suit and the defendant further says that a deed was made to him by the defendants S. D. Weldon and Rachel Weldon but that he has this day executed warranty deed to the plaintiff herein, J. W. Dougherty, in which deed he conveys all right, title and interest which he has in and to this said property involved in this cause.

"Wherefore, this defendant prays to be discharged with his costs."

On the same day (November 18, 1938) the plaintiff Dougherty filed a pleading designated "Supplemental Petition" wherein he recited that since the filing of his original petition, the defendant McCarty, Ritts, Simpson and Sharp (plaintiffs herein), and Whitaker had disclaimed any interest in the property; that Weldon and wife had conveyed all their interest to Whitaker and Whitaker had conveyed to plaintiff Dougherty; that the plaintiff desires no deficiency judgment against the defendants Weldon. The prayer of the pleading was that plaintiff Dougherty have judgment against the defendants quieting title to the property involved in the plaintiff.

On November 18, 1938, judgment was entered quieting title in plaintiff Dougherty. The trial court made findings that the defendants, the plaintiffs herein, had disclaimed interest in the property, the subject of the action, that the defendants Weldon had conveyed the property to the defendant Whitaker, and that Whitaker had conveyed to the plaintiff Dougherty.

The proceeding and judgment was in the district court of Garvin county, in case No. 12702, J. W. Dougherty v. S. D. Weldon et al.

After entry of the judgment the Weldon deed of August 11, 1938, with Whitaker's name appearing therein as the grantee, was filed for record. Also deed from Whitaker to Dougherty was filed for record.

Whitaker was a business partner of Dougherty and lent his name as grantee in the Weldon deed and executed deed to Dougherty as accommodation to Dougherty.

In 1945 the Doughertys, defendants herein, executed and delivered deeds of certain mineral interest in the land to the other defendants named herein. During that year the Doughertys had executed conveyance of a one-half mineral interest to another whose rights thereto have been adjudicated and are not involved in this appeal. Thereafter the plaintiffs commenced this action wherein the above state of facts was presented.

Judgment in the instant case was for the defendants denying the plaintiffs' claims of title to mineral interests in the land and that the defendants' title to the respective mineral interests as set forth and claimed in their respective pleadings be quieted.

In appeal the plaintiffs contend:

"The procurement of the disclaimer and the judgment in the case of J. W. Dougherty, plaintiffs, v. S. D. Weldon, et al., No. 12702, was by fraud practiced upon the plaintiff herein, and the plaintiffs are entitled to have said judgment vacated and held for naught, and to have their title quieted against the defendants, and each of them."

Plaintiffs assert that at the time J. W. Dougherty brought the foreclosure action he had no cause of action against these plaintiffs, defendants therein, in that Dougherty had received a deed from the mortgagors, the Weldons, which operated to discharge the mortgage indebtedness and further that if the mortgage indebtedness was not so extinguished that in acceptance of the deed Dougherty became a cotenant with the plaintiffs and had the duty of giving the plaintiffs the opportunity of contributing their proportionate part of the purchase price he paid for the mortgage and thereby affording opportunity to have the mortgage released as to their interests; that Dougherty was under a duty to disclose to the plaintiffs that he had acquired the mortgage for $500, but concealed such fact and falsely alleged in his petition that the Weldons held legal title to the property involved and that the property and the plaintiffs' mineral interests were subject to the mortgage indebtedness of $1,500, and that such false allegations were made in the petition to mislead plaintiffs into not defending themselves and to get them to file disclaimers or let the matter go by default; that the representations in Dougherty's petition that the Weldons were liable on the mortgage indebtedness and that legal title to the property involved was in the Weldons and concealment of the fact that the legal title was in Bruce Whitaker, holding it for Dougherty, was fraudulent and induced the plaintiffs to file disclaimer and that concealment of the true facts was a fraud upon the court resulting in the procurement of the judgment quieting title in Dougherty.

As we have noted, there was little conflict in the evidence.

Weldon called as a witness by the plaintiffs gave testimony to the effect that he signed and delivered a deed to Brown on August 11, 1938, and that he understood he was deeding his interest over to the mortgage company and would be released from any personal liability on the note and mortgage; that he was given a written release, but has been unable to find it.

Brown testified concerning the transaction that he received the deed, with no grantee named therein, from Weldon, but gave Weldon no release and that he retained the Weldon note and mortgage; that a written release to Weldon was drawn but never signed and delivered; that he gave the unsigned release and the deed with the note and mortgage and his assignment thereof to Dougherty and in the presence of Williams, Dougherty's atttorney. Concerning his negotiations with Weldon, Brown testified:

"I don't recall that I discussed it with Mr. Dougherty, but I did with Mr. Williams, that the understanding I had with Mr. Weldon was that I wouldn't foreclose that property unless it became imperative to get the mineral holders out of it. . . ."

Dougherty testified that he never talked to Weldon about the note, mortgage and deed or about Weldon's dealings with Brown; that he did not discuss the deed with Brown, but discussed only his purchase of the note and mortgage, that he received the deed made out in blank from Brown at the time he received assignment of the mortgage together with other papers; that it occurred to him that the deed might be useful, but there was no intention to take title or to merge title with the mortgage lien purchased.

We think it readily apparent from all the circumstances in proof that Dougherty accepted the possession of the deed executed by the Weldons, and with grantee unnamed, as an additional security for the mortgage indebtedness by way of a continuing offer of the Weldons of their remaining interest in the land in settlement of their liability, but that Dougherty considered it to his best interest that the debt remain outstanding and continue in his hands a subsisting lien against the entire estate, and that foreclosure against the entire estate was for his best interest,

and that Dougherty acted accordingly and commenced foreclosure proceedings.

This conclusion is supported by the evidence and the clear weight thereof. Undisputedly the mortgage debt was approximately $1,500 and the entire estate in the land subject to such debt was not of such value. Dougherty in purchase of the mortgage for $500 could obviously best secure a recovery on his investment by proceeding against the whole security rather than by acceptance of title to a part interest in the mortgaged property. His commencement of proceedings on the debt and for foreclosure and the joining of the Weldons, mortgagors primarily liable for the debt, and the plaintiffs herein and others, and all as claimants of interest in the property subject to the mortgage, evidenced an intention to not accept title to a part interest in the security as settlement of the debt, and under the circumstances was in fact a rejection of the Weldons' proffer of title to a part interest in the land.

In this conclusion there existed no cotenancy between Dougherty and the plaintiffs herein, nor a merger of mortgage with legal title, nor a concealment of material fact constituting a fraud against the plaintiffs herein and the trial court. Had Dougherty set forth in his petition the fact of the existence and his possession of the Weldon deed, the further allegations of his petition amount to an effective declaration of his nonacceptance of title thereunder. We find no evidence otherwise than that the plaintiffs herein voluntarily filed their disclaimers and without ulterior inducement from Dougherty. Under the circumstances there was no inconsistency or impropriety or overreaching or fraud on the part of Dougherty in thereafter accepting conveyance of the interest of the Weldons.

It is apparent the trial court therein treated the disclaimers and the conveyance from Weldons as effectuating a foreclosure and sale of the property in settlement of the mortgage lien, and that the judgment entered was in confirmation of acts of the parties. We find no error on the face of the record in the judgment entered confirming and quieting title in Dougherty in case No. 12702.

Plaintiffs contend that aside from the question of fraud in procurement of the disclaimers and the judgment in Dougherty's foreclosure action, the judgment quieting title in Dougherty was void as against these plaintiffs.

It is asserted that Dougherty's supplemental pleading in his foreclosure action completely changed and set up a wholly new and different cause of action than was set up in his original petition for foreclosure and that such supplemental petition was filed and judgment taken thereunder without notice to the plaintiffs herein, defendants therein, so that therein the court was without jurisdiction of these plaintiffs and without jurisdiction to render the judgment decreeing the plaintiffs to be without right, title or interest in the property and quieting title to the property in Dougherty. Plaintiffs cite 12 O. S. 1941 §321, which reads as follows:

"Either party may be allowed, on notice and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case occurring after the former petition, answer or reply."

It is suggested that the holding of this court in Hirschman v. Forster, 59 Okla. 178, 158 P. 1177, is here applicable. In that case in the syllabus, it was said:

"Where a judgment rendered upon default is wholly without the pleadings, or, if within the pleadings, is so by reason of a supplemental pleading filed without notice at any time to the adverse party, and which substantially changes the original claim, such judgment is void, . . ."

It is to be noted that these plaintiffs entered their appearance in the filings of disclaimers of interest, right or title

in the property involved and thereby brought into the case facts material and occurring after Dougherty's original petition, and facts such as to remove themselves as adverse parties. Dougherty's supplemental pleading contained reference to these plaintiffs' disclaimers and an allegation of his subsequent acquirement of title from the Weldons, and alleged these facts occurred after the original petition, but the claim made by Dougherty thereunder and by reason of these facts is in no wise adverse to any rights claimed by the plaintiff, but is in accord with the admissions of plaintiffs' pleadings. Although after the disclaimers were filed Dougherty, by supplemental pleading, changed the form of his original claim, there was no change in substance insofar as plaintiffs were affected. The facts alleged in Dougherty's supplemental pleading filed after his original petition and after plaintiff's answer by way of disclaimer, do not appear material to the case as affecting these plaintiffs so as to bring in application the provisions of the notice statute, supra. As affecting these plaintiffs the supplemental pleading was no more than an amendment of Dougherty's petition to conform to the proof, such proof as was brought into the case by these plaintiffs and otherwise brought into the case by Dougherty but not affecting these plaintiffs. As affecting these plaintiffs the judgment rendered was within the pleadings.

12 O. S. 1941 §926 provides:

"Where defendants disclaim having any title or interest in land or other property, the subject matter of the action, they shall recover their costs, unless for special reasons the court decide otherwise."

It is noticeable that the court did not render any judgment against these plaintiffs for costs and the judgment rendered was in accord with the admissions made in their disclaimers and answers. The following expression in Brunson v. Lightfoot, 87 Okla. 202, 209 P. 922, is here applicable:

"When a defendant admits in his answer that he does not own any interest in the property and specifically disclaims any title or interest, and the court, upon such answer, decrees that he does not have any title or interest, he certainly cannot complain."

Plaintiffs submit a further proposition stated as follows:

"As to the E2 of the SW4 of the NW4, no disclaimer was ever filed and no judgment ever rendered quieting title to it, and independent of all other grounds the plaintiffs are entitled to have their title to an undivided one-half of the oil, gas and other minerals under this 20 acres quieted as against the defendants."

The journal entry of judgment in case No. 12702, Dougherty v. S. D. Weldon et al., in reference to the real estate involved, contains a detailed description of a 100-acre tract of land. The description is at variance as to a particular 20 acres with the description in the mortgage attached as exhibit to Dougherty's petition and the descriptions in the various deeds alluded to in the journal entry.

The description of the 100-acre tract in said journal entry contains this phrase, "E2 of the SE4 of the NW4" and the description of the 100-acre tract covered by the mortgage contains this phrase, "E2 of the SW4 of the NW4," otherwise, the two descriptions are identical. The land description in the body of Dougherty's petition is identical with that in the journal entry, but as noted, a copy of the mortgage is made a part of the petition. The disclaimers filed by the plaintiffs recite that in answer to the petition they disclaim any right, title or interest in and to the property involved.

It is not disputed that a correct copy of the mortgage sought to be foreclosed was attached to Dougherty's petition, and it is admitted that the exhibit controls over the conflicting allegations of the petition. It is apparent on the face of the record and judgment roll that these plaintiffs disclaimed interest in

the 100 acres described in the mortgage and were adjudged to be without right, title or interest in the said property and that the description in the journal entry of judgment was an error of the scrivener and in fact the judgment rendered involved the 100-acre tract as described by the mortgage.

The plaintiffs contend the trial court herein erred in admissions of testimony concerning improvements of the surface of the land by Dougherty, and in permitting Dougherty to testify as to his intentions and good faith in the proceedings in case No. 12702, Dougherty v. Weldon et al., and in permitting Dougherty's attorney to testify and give expression to opinion charging bad faith to the plaintiffs.

These matters, if improperly admitted, do not appear to be of such nature as to have influenced the trial court to the substantial prejudice of the plaintiff, and their admission, if improper, was harmless error.

For the reasons we have stated, the judgment as rendered by the trial court is affirmed.

LUTTRELL, V.C.J., and CORN, DAVISON, and JOHNSON, JJ., concur. ARNOLD, C. J., and GIBSON, HALLEY, and O'NEAL, JJ., dissent.

———

HALLEY, J. (dissenting). I am unable to concur in the findings and conclusions of the majority opinion.

The basic facts are that S. D. Weldon and wife owned 100 acres of land in Garvin county. In 1925 they executed a note to Clement Mortgage Company for $1,400, and a mortgage on their land to secure the note.

In 1927 the Weldons executed a warranty deed conveying an undivided one-half interest in the minerals in the above land to Robert C. Sharp, who conveyed various interests to the other plaintiffs in this action. This mineral conveyance was subject to the mortgage lien.

The Weldons were unable to meet the payments under the mortgage and sought the protection of the Frazier Lempke Act after foreclosure action was filed. C. Rollins Brown became the owner of the note and mortgage, and for a consideration of $500 and an agreement that no deficiency judgment would be sought against the Weldons, he took a deed from the Weldons conveying the land, with the name of the grantee left blank. This transaction was made on August 11, 1938.

On the same date Mr. Brown assigned the note and mortgage to J. W. Dougherty and delivered to him the Weldons' deed. On August 31, 1938, J. W. Dougherty instituted a foreclosure action on the note and mortgage. He made the plaintiffs in the present action parties defendant, and also made Bruce Whitaker a party defendant, alleging that he owned some inferior interest in the land. On November 18, 1938, Bruce Whitaker filed a disclaimer and alleged that he had secured a deed from the Weldons but had made a deed to J. W. Dougherty on November 17, 1938. The plaintiffs in the present action had already filed disclaimers.

On November 18, 1938, J. W. Dougherty filed a supplemental petition alleging the filing of the disclaimers and the conveyance to Whitaker and from Whitaker to him, and praying for judgment quieting title in himself, and completely abandoning the foreclosure action. No notice of filing the supplemental petition was given. Judgment was entered November 18, 1938, quieting title in J. W. Dougherty and barring all defendants. After judgment was entered, the deeds from the Weldons to Bruce Whitaker and from Whitaker to J. W. Dougherty were filed for record. The foreclosure action was case No. 12702, and will be referred to as "foreclosure action." J. W. Dougherty alleged in his petition in that action that the Weldons were the owners of the

land; were indebted on their note in a sum in excess of $1,500; that he owned the note and mortgage; that the mineral interest of present plaintiffs was subject to his mortgage; and that Bruce Whitaker owned some inferior interest in the land. He prayed for a decree of foreclosure, and sale of the land in satisfaction of his obligation. No mention was made of the fact that the Weldons already had executed and delivered a deed conveying their interest in the land, or that the grantee in that deed had no interest in the land but had agreed to have his name inserted as grantee as an accommodation to his associate, J. W. Dougherty. It was admitted that J. W. Dougherty or his attorney had possession of the deed from the Weldons at all times after August 11, 1938, when Mr. Brown delivered the deed along with the note and mortgage. The name of Whitaker as a defendant must have been inserted in the deed prior to the filing of the foreclosure action, for Whitaker is not shown to have had any semblance of right or claim except through the Weldon deed.

It should be kept in mind that at the time the plaintiffs in the present action filed disclaimers in the foreclosure action, they had before them the erroneous allegations in the foreclosure action. There was no mention of the fact that the Weldons had conveyed all of their interest in satisfaction of the mortgage indebtedness and an agreement that no deficiency judgment be taken against them. There was no mention of the fact that Whitaker was to convey to Dougherty or that Whitaker in fact never had any interest in the land, but was acting solely for the accommodation of Dougherty. If the Weldons had conveyed their interest in satisfaction of the mortgage indebtedness, then the mineral conveyances to the present plaintiffs would be free from the mortgage.

Confronted with the allegations of plaintiff's petition, it was clear to the holders of one-half the minerals that a foreclosure decree would eliminate their interests. Under the erroneous belief that the facts stated in the petition were true, they executed disclaimers. The attorney for J. W. Dougherty testified that about two weeks before taking judgment he notified them that he "could get" a deed from the Weldons and inquired if they wanted to file any further pleadings, and was advised that they did not. It is not explained why he did not disclose that he had been in possession of a deed from the Weldons since before he filed the action to foreclose. He later testified that he filled in the name of Bruce Whitaker in the Weldon deed after he filed his "supplemental petition." It is difficult to understand why Bruce Whitaker was made a party defendant on Auugst 31, 1938, if he was a complete stranger to the title, or if it had not been determined prior to filing the action that he was to be made grantee in the Weldon deed. In the foreclosure action the plaintiff prayed for a money judgment against the Weldons, but in his supplemental petition he stated that he did not desire such judgment. He must have known that the latter position was in keeping with the agreement between Brown and Weldon that Weldon's deed was in satisfaction of the mortgage indebtedness. This is the deed that on August 11, 1938, was regarded as having no value, but after obtaining disclaimers from the plaintiffs was relied upon as a valid conveyance of all the surface rights and one-half of the minerals.

To me the foregoing facts are sufficient to render the judgment in case No. 12702 void. The allegations in the foreclosure petition were false and known to be false. They were made obviously for the purpose of inducing the defendants in the foreclosure action to disclaim. They were relied upon by the holders of outstanding mineral interests, and they acted thereon to their detriment. To me the evidence is clear, cogent, and convincing.

I cannot agree with the majority opinion in its finding that the Weldon

deed was accepted by J. W. Dougherty as additional security for the mortgage indebtedness. Mr. Dougherty knew when he took the Weldon deed that it had been executed in satisfaction of the mortgage debt. Yet the deed was never mentioned until shortly before the judgment was taken, and then only as a possibility. I think it was concealed purely for the purpose of inducing the filing of disclaimers. The deed had been in Mr. Dougherty's possession at all times. At first it was a worthless instrument, but it was promptly rejuvenated by the disclaimers.

The fact that the name of Bruce Whitaker was inserted in the deed, when it was admitted that he never had any interest in the property, is explained by the following question and answer of the attorney for Mr. Dougherty:

"Q. Why did you want to take the deed in the name of Whitaker, rather than in Mr. Dougherty's name? A. I don't know, he had the mortgage I thought, it would not look so good."

The same attorney admitted that he knew of the Weldon deed prior to filing the foreclosure suit, but stated: "I did not think it was worth fooling with, it was not worth anything." After the disclaimers were filed, the same deed became sufficient to convey all of the surface rights and one-half of the mineral interests.

I cannot agree that the plaintiff had a right to file a supplemental petition completely changing his cause of action and immediately take judgment without any notice as provided by section 321, 12 O.S. 1941, which expressly provides that notice shall be given. The fact that failure to give notice may not have adversely affected the complaining parties constitutes no ground for failure to comply with the statutory requirement. I agree with the rule as announced in Brunson v. Lightfoot, 87 Okla. 202, 209 P. 922, but the disclaimers in the case under consideration were obtained under a false and erroneous belief of fact, and the rule there announced is not applicable to the facts before us. When a party disclaims any interest in the subject matter of an action, he is not in position to complain of whatever judgment is rendered, but where he disclaims because certain material facts have been concealed from him, the rule announced is not applicable. A disclaimer filed under a mistake of material facts does not estop one from withdrawing his disclaimer.

The deeds from the Weldons to Bruce Whitaker and from him to J. W. Dougherty were never disclosed to these plaintiffs. They were simply advised that J. W. Dougherty could acquire the Weldons' interest. This information was not disclosed until about two weeks prior to November 18, 1938. This information was obviously withheld for the sole purpose of inducing plaintiffs in the present action to disclaim. Both Weldon and Brown testified that the Weldon deed was in satisfaction of the mortgage indebtedness. Weldon said he was given a release, but had lost it. Brown testified he had a release for Weldon but did not sign it, but admitted the agreement to release.

The foregoing actions of the plaintiff in case No. 12702, Dougherty v. Weldon, in concealing material facts from plaintiffs in the present action, and in changing his cause of action without notice, are amply sufficient, in my opinion, to render the judgment in that case void. For the foregoing reasons, I respectfully dissent.